No. 3828.

WIDOW BENJAMIN POYDRAS DE LA LANDE et als. *v.* CHARLES POYDRAS.

Where the defendant bought certain slaves, who, by the will of one of their former owners. were to be emancipated at a future time, but were not so emancipated by the defendant, who made no efforts to surmount the obstacles that were in the way of their emancipation, but who was content to retain them in the condition of slavery, and to avail themselves of their labor until they were set free by the Government of the United States;

Held—That said defendant has no legal ground to refuse to pay the promissory note which he gave for the purchase of said slaves.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee. *Miller* J. *A. L. Mahoudeau* and *C. E. Schmidt* for plaintiffs and appellees. *Edward Phillips,* for defendant and appellant.

TALIAFERRO, J. At a probate sale in the year 1854 the defendant purchased from the estate of Benjamin Poydras de La Lande a plantation in the parish of Pointe Coupee, with twenty-four slaves upon it, who were among the slaves entitled to their freedom by the provisions of the will of Julien Poydras, an ancestor of these parties who died many years since. Three other negroes, slaves for life, were sold with this lot of twenty-four together with the plantation. The whole price was fifteen thousand dollars, one-third cash, the remainder in four annual installments of three thousand dollars each. Special mortgage and vendor's privilege were retained to secure payment of the several notes given at the sale.

The plaintiffs sue upon the last note due and pray judgment for three thousand dollars, with interest at the rate of eight per cent. per annum from the thirty-first of January, 1861, and that the land be seized and sold to pay the debt.

The judge *a quo* ordered an appraisement of the land and slaves to ascertain the relative value thereof at the time the defendant purchased, and finding that relative value to be ten thousand dollars for the plantation and the improvements upon it, and five thousand dollars for the slaves, rendered judgment in favor of the plaintiff for two-thirds the amount of the note sued on with recognition of plaintiff's mortgage and vendor's privilege on the land.

From this judgment the defendant appealed.

The defense is that the twenty-four negroes the defendant purchased were free at the time of the sale of the succession of Benjamin Poydras, and that the sale of free persons being *contra bonos mores,* is null and violates the entire contract. He contends further that the proportional sum paid by him on the two previous notes for the negroes as slaves, amounts to more than that of the land, and if held bound at all, such proportional sum should be imputed to the payment of the land.

The title acquired by the defendant from the estate of Benjamin Poydras expresses the following condition: After giving the name and description of the twenty-four negroes the act proceeds, "which above

named slaves proceed from the slaves which were sold at the sale of the property of the succession of the late Julien Poydras, and are by the present act transferred subject to the conditions and stipulations expressed in the testament of the said late Julien Poydras, and in the acts which have transferred the ownership of the said slaves to the several purchasers of the property of the estate of the late Julien Poydras, and more particularly in the act of sale of the land or plantation on which he resided from which the said slaves have been detached. The said slaves hereinabove named are therefore by the present act, transferred under the conditions and stipulations expressed in the said will or testament, and in the acts above mentioned, and to which reference is here made, without any other warranty of any nature whatever; with which conditions and stipulations the purchaser declared he was well acquainted, that he accepted them, and was satisfied therewith, and that he put himself in the lieu and stead of the vendors, promising that he would comply with and fulfill the same."

It is in evidence that the twenty-four slaves here referred to were not emancipated by the defendant, and that they were never emancipated otherwise than by the general emancipation resulting from the late war. There were no doubt serious obstacles to carrying out the provisions of the will of Julien Poydras in regard to the emancipation of his slaves. The law and public policy of the State were strongly against it. Bullard and Curry's Digest, page 427; Criminal Code, articles 184, 185; Acts of 1852, page 214. The subsequent act of fifteenth March, 1855 (Acts of 1855, p. 387), was, perhaps, less stringent in regard to emancipation than the previous legislation on the subject, but it seems clear that whatever the obstacles in the way, the defendant made no effort to surmount them. He was content to retain the negroes in question in the condition of slavery, and to avail himself of their labor, until they were set free by the United States government. Nor can we consider the condition of these negroes otherwise than that of *statu liberi.* They acquired under the will of Julien Poydras the right of thereafter becoming free. It seems that by the will, they were to continue in slavery twenty-five years after the sale ordered by the testator, and their offspring born in the meantime were also to remain slaves until they should be in the condition and of the age required by law for such emancipation. The will of Julien Poydras is dated April 16, 1822, but there is nothing in the record showing either the time of his decease or the time at which his lands and slaves were sold.

After a careful review of this case, we do not find good cause for altering the decree of the lower court. 21 An. p. 757, and same, p. 771.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs.